**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOHN RICHARD PROCTOR,** | * | |
| | * | |
| Petitioner | * | |
| | * | Civil Action No. RWT 07-2701 |
| | * | Criminal Action No. RWT 04-160 |
| | * | |
| **UNITED STATES OF AMERICA**, | * | |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner John Proctor's Motion to Vacate Sentence Under 28 U.S.C. § 2255.  [Paper No. 56].  For the reasons that follow, the Court will deny the motion.

### I.

Petitioner John Proctor was charged in a four-count indictment with one count each of (1) distribution of 5 grams or more of cocaine base; (2) possession with intent to distribute 50 grams or more of cocaine base; (3) possession of firearms in furtherance of a drug trafficking crime; and (4) unlawful possession of firearms and ammunition by a convicted felon.[1]  On January 6, 2005, Proctor pleaded guilty to Counts Two and Four of the Indictment for possession with intent to distribute 50 grams or more of cocaine base and unlawful possession of firearms and ammunition by a convicted felon.

The parties stipulated to the following facts in the plea agreement signed by Proctor.  On January 17, 2001, Proctor sold 22.6 grams of cocaine base for $1,000 in Prince George's County, Maryland to a confidential witness for the Federal Bureau of Investigation ("FBI").  Then, on

---

[1]  Respectively, the citations for the counts charged are: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1).

January 26, 2001, Proctor sold 24.6 grams of cocaine base to the confidential witness for $1,200 in the District of Columbia.  Both of the transactions were recorded on video and audio tape, and observed by FBI Special Agents.  In August 2003, the confidential witness contacted Proctor, paid him $200 that was owed from the January 17, 2001, drug sale and discussed future drug deals.  On August 21, 2003, FBI Special Agents executed a search warrant at Proctor's residence in Oxon Hill, Maryland, where they recovered: 112.4 grams of cocaine base in 4 baggies; a brown box with a scale containing cocaine base residue; surgical gloves; $457 in cash on a dresser; a black bag containing $4,000 in cash; two body armor vests; several firearms[2]; and rounds of ammunition.[3]  Proctor and Robert Crawford purchased and distributed more than 1.5 kilograms of cocaine base from 1998 through the end of 2001, including the 22.6 grams of cocaine base that Proctor sold to the confidential FBI witness on January 17, 2001, and the 24.6 grams of cocaine base that Proctor sold on January 26, 2001 to the same confidential FBI witness.

In the plea agreement, the parties agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that Proctor would be subject to a mandatory minimum prison sentence of 20 years and a maximum sentence of life on Count Two[4] and that a prison sentence of not less than 10 years and not more than life was appropriate on that count.  The parties further agreed that, because Proctor was an armed

---

[2] The FBI recovered: a Ruger 9mm pistol; a .40 caliber Smith and Wesson pistol; a Bersa .380 semi-automatic pistol; and a Maverick 12-gauge pump shotgun.  The firearms were loaded and placed in various locations around Proctor's residence.

[3] The FBI recovered rounds of 9mm, .40 caliber, and .380 caliber ammunition.

[4] Pursuant to the plea agreement, the Government agreed to file a amended notice of the Defendant's prior felony drug convictions under 21 U.S.C. § 851 that would include only one of his prior felony drug convictions.  The sentence range for Count Two above is pursuant to the Government's amended notice.

2

career criminal[5], a mandatory minimum prison sentence of 15 years and not more than life was appropriate on Count Four. The parties also agreed that the Court could impose a term of supervised release of at least 10 years. After an extensive Rule 11 colloquy later that day, the Court accepted Proctor's guilty plea.

On March 25, 2005, the Court received a handwritten letter from Proctor, which it construed as a motion to withdraw his guilty plea. At the April 8, 2005, hearing, the Court, after hearing from defense counsel, the Government, and Proctor, found that Proctor had voluntarily and knowingly entered into the guilty plea and denied his motion to withdraw the guilty plea. The Court then sentenced Proctor to 324 months of imprisonment for each count to run concurrently; ten years of supervised release for Count Two and five years of supervised release for Count Four to run concurrently; and a special assessment of $200.

Proctor was represented by the Office of the Federal Public Defender on his direct appeal, in which he claimed that this Court erred when it denied his motion to withdraw his guilty plea. The United States Court of Appeals for the Fourth Circuit affirmed this Court's denial of the motion to withdraw the guilty plea and affirmed Proctor's conviction. *United States v. Proctor*, 177 Fed. Appx. 372, 373 (4th Cir. 2006) (per curiam) (unpublished). The United States Supreme Court denied Proctor's petition for a writ of certiorari on October 2, 2006.

Proctor timely filed his motion to vacate his conviction under 28 U.S.C. § 2255 on October

---

[5] Proctor qualified as an armed career criminal under 18 U.S.C. § 924(e). Prior to his August 21, 2003 arrest in this case, Proctor had been convicted of the following felonies: (1) possession with intent to distribute marijuana and phencyclidine (PCP) in the District of Columbia in 1985; (2) robbery with a deadly weapon in Prince George's County, Maryland in 1985; (3) distribution of PCP in the District of Columbia in 1987; (4) possession of an unregistered firearm and prohibited weapon in the District of Columbia in 1994; and (5) carrying a pistol without a license in the District of Columbia in 2000.

1, 2007.  In it, Proctor challenges his conviction on the following grounds: (1) ineffective assistance of counsel that undermined his voluntary and knowing entry of a guilty plea; (2) ineffective assistance of counsel for failing to challenge the search warrant; (3) ineffective assistance of counsel for failing to challenge the Government's evidence presented to the grand jury; (4) ineffective assistance of counsel for failing to challenge whether the cocaine in the case was crack cocaine that was "smokable;" and (5) ineffective assistance of counsel for failing to raise these issues on his direct appeal.

## II.

The Court denies Proctor's motion to vacate his sentence for the following reasons.

**A.      Proctor's Ineffective Assistance of Counsel Claims**

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test to evaluate claims of ineffective assistance of counsel.  Under this test, the petitioner must show that (1) counsel's performance was deficient, i.e., that counsel made errors that were so serious that the counsel was not acting as the "counsel" guaranteed by the Sixth Amendment; and (2) that the errors made by counsel prejudiced at the defense.  *Id.* at 687.

In order to prove ineffective assistance of counsel, Proctor must show that his attorney's representation "fell below an objective standard of reasonableness" and must identify specific acts or omissions.  *Id.* at 687-88, 690.  The defendant must overcome the Court's strong presumption that the attorney's conduct feel within the "wide range of reasonable professional assistance."  *Id.* at 689.

The burden of proof in a § 2255 proceeding is upon the petitioner to prove the grounds of his claim by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Martin v. United States,* 395 F. Supp. 2d 326, 328 (D.S.C. 2005).  In addition, the Court is

4

not required to hold a hearing on the § 2255 motion if "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.

As a preliminary matter, the Court notes that Proctor stated unequivocally at his rearraignment hearing that he was satisfied with the services of his attorney in this case. Nevertheless, the Court will address the five instances of alleged ineffective assistance alleged by Proctor.

## 1.      Deficient Representation Prior to Entry of Guilty Plea

Proctor contends that ineffective assistance of counsel prior to trial, during the subsequent plea agreement and Rule 11 proceeding resulted in an invalid plea agreement under Fed. R. Crim. P. 11, which provides that a plea agreement must be entered into voluntarily in order to be enforceable.[6]  Fed. R. Crim. P. 11(b)(2).  The *Strickland* test has been extended to apply to challenges to guilty pleas based on ineffective assistance of counsel.  *Hill v. Lockhart,* 474 U.S. 52,

---

[6]  Proctor also raises what amounts to a collateral attack on his guilty plea (i.e., that his guilty plea was not knowing or voluntary), an argument which this Court and the Fourth Circuit on direct appeal have already evaluated based upon the same record and rejected.  In any event, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  "'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'"  *Brady v. United States,* 397 U.S. 742, 755 (1970).

Apart from Proctor's bare contention that his guilty plea was not entered into knowingly and voluntarily, Proctor has not adduced *any* evidence in the record that he would not have pleaded guilty.  *See Miller,* 261 F.2d at 547 (holding that § 2255 petitioner must prove the grounds of his claim by a preponderance of the evidence).  This is undermined by the ample evidence to the contrary in the record (as discussed in greater detail in section 1 above) that Proctor understood the terms and consequences of his plea agreement before knowingly and voluntarily entering into it.

58 (1985).  To prevail, Proctor must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* (holding that the district court did not err by declining to hold an evidentiary hearing on petitioner's ineffective assistance of counsel claims when the petitioner failed to show how his purported mistaken belief in a potential parole date would have affected his decision to plead guilty).

Similar to the *Hill* case, Proctor's allegation is insufficient to satisfy the "prejudice" requirement of the *Strickland* test because he has alleged no facts that support his conclusion that he would not have pleaded guilty but for counsel's errors.  Indeed, Proctor's allegation is devoid of any specific instances of those asserted errors.  *See Miller,* 261 F.2d at 547 (holding that § 2255 petitioner must prove the grounds of his claim by a preponderance of the evidence); *see also Strickland,* 466 U.S. at 690 (requiring proof of specific acts or omissions supporting ineffective assistance of counsel claim).   Proctor's assertion that he did not want to plead guilty and was taken in by his counsel's misrepresentations is belied by Proctor's testimony at the Rule 11 hearing and the fact that Proctor himself stopped the trial and asked for a plea agreement.  *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992) (denying petitioner's ineffective assistance of counsel claim when petitioner presented no evidence that his representations during the plea hearing that he was pleased with his counsel's services were untruthful or involuntary because "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath in a plea colloquy").

Here, the Rule 11 colloquy the Court conducted in addition to the plea agreement (signed by Proctor), which was reviewed at the same hearing, undermine Proctor's contention that he was unaware of or did not understand the terms of the plea agreement.  The agreement describes the two

offenses to which Proctor was pleading guilty and explains the elements of those offenses that the Government would need to prove beyond a reasonable doubt if the case proceeded to trial, the minimum and maximum range of penalties associated with those offenses, what rights Proctor would be waiving by pleading guilty, and that the Court retained discretion to impose an appropriate sentence under the United States Sentencing Guidelines. Opp. to Def.'s Mot. To Vacate Conviction Pursuant to 28 U.S.C. § 2255, Appx. C.

Moreover, the Court's extensive Rule 11 colloquy with Proctor demonstrated that Proctor had read the plea agreement, discussed it with counsel, understood its terms before signing, and that he was not under the influence of any drug, medication, or alcohol when he gave his testimony at the hearing. *Id.* at Appx. B7-B10. Specifically, Proctor testified that he was satisfied with services that his trial counsel had provided to him in connection with the case. *Id.* at B8. The Court then reviewed the elements of the offenses as well as the minimum and maximum penalties associated with each, and explained the application of the sentencing guidelines. *Id.* at B8-B10. Proctor testified that he agreed to and understood the plea agreement's terms, especially that the Court could not "guarantee [him] that the sentence will be precisely what has been discussed between [his] counsel and the government." *Id.* at B10-B26. At this point, the Court reviewed the waiver of rights contained in the plea agreement and Proctor again testified that he both understood and agreed. *Id.* at B26-B31. The Court reviewed the underlying facts for each of the two charges to which Proctor was pleading guilty and Proctor confirmed that a factual basis for the plea existed. *Id.* at B31-B37. At the end of the colloquy, the Court found that Proctor was "fully competent and capable of entering an informed plea, that he [was] aware of the nature of the charges and the consequences of his plea, and that his plea of guilty is a knowing and voluntary plea, supported by an independent

7

basis in fact containing each of the essential elements of the offenses to which he[ had] pleaded

guilty," and accepted his plea.  *Id.* at B37.

Proctor has not presented any specific instances of his counsel's deficient acts or omissions

to support his ineffective assistance of counsel claim that constitute "clear and convincing evidence"

such that he would not be bound by his testimony at the Rule 11 hearing.  *See Fields,* 956 F.2d at

1299.

**2.      Failure to Challenge the Search Warrant**

Proctor contends that his trial counsel failed to investigate and object to the search warrant

executed at his residence on the basis that the warrant was not supported by probable cause.  He

contends that the search warrant, which was issued in August 2003, lacked probable cause because

it was based upon alleged criminal acts that occurred in January 2001 and that no further criminal

acts were alleged.

Probable cause exists when there is a "fair probability that contraband or evidence of a crime

will be found in a particular place."  *Illinois v. Gates,* 462 U.S. 213, 238 (1983).  Probable cause to

support a search warrant may be established through information from informants.  *United States

v. Moses,* 540 F.3d 263, 271-72 (4th Cir. 2008) (holding that probable cause existed to justify search

warrant when officers had, *inter alia,* a CrimeStoppers tip that someone was selling drugs at

defendant's residence in addition to the same information from an informant).

Here, the FBI had video and audiotapes of two separate drug transactions in which Proctor

sold crack cocaine to an FBI confidential witness in January 2001.  Opp. to Def.'s Mot. to Vacate

Conviction Pursuant to 28 U.S.C. § 2255, Appx. C at 10.  Then, in August 2003, the same FBI

confidential witness contacted Proctor and they discussed returning money owed to Proctor from

the earlier drug transactions but also discussed arranging future drug transactions. *Id.* These facts support the search warrant the FBI obtained and executed on Proctor's residence on August 21, 2003, because "the facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996). As such, counsel's decision (which certainly could also be characterized as sound trial strategy  immune from this Court's review and thus not deficient) did not prejudice Proctor; simply, a challenge to the search lacked merit, would have been unsuccessful nonetheless, and therefore Proctor has not suffered the necessary prejudice to support his claim under *Strickland. Strickland,* 466 U.S. at 689.

**3.      Failure to Assert a Due Process Violation for the Evidence Presented to the Grand Jury**

Proctor contends that his trial counsel was ineffective in failing to raise a Due Process challenge to the Government's submission of purportedly false information to the grand jury because Proctor contends that the drug activity the Government alleged did not take place in Maryland.

The United States Supreme Court has repeatedly held that it will not entertain "a challenge to the reliability or competence of the evidence presented to the grand jury," and that "[t]he mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." *United States v. McDonald,* 61 F.3d 248, 252 (4th Cir. 1995) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1998) (string citations omitted).

Here, Proctor contends that the Government presented "false" information to the grand jury because he argues that he did not engage in drug activity in Maryland. Even assuming *arguendo* that Proctor had not engaged in drug activity in Maryland, any challenge on this ground by his counsel would be unsuccessful given the binding case law in this Circuit precluding the Court's

review of the reliability of the evidence presented to grand jury.  *See McDonald,* 61 F.3d at 252.

In any event, at the Rule 11 hearing before the Court, Proctor adopted the facts contained in the plea

agreement, which stated that he sold crack cocaine in Prince George's County, Maryland, and that

he had guns and crack cocaine in his home in Oxon Hill, Maryland.  Opp. to Def.'s Mot. to Vacate

Conviction Pursuant to 28 U.S.C. § 2255, Appx. C at 10, Appx. B. at 35.  *See Fields,* 956 F.2d at

1299 ("[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the

representations he makes under oath in a plea colloquy.").  Counsel's strategic decision to not pursue

a legally and factually unsupported claim is neither deficient nor prejudicial and does not qualify

as ineffective assistance of counsel.

**4.      Failure to Challenge the Substance Recovered as "Smokable" Crack Cocaine**

Proctor contends that had his trial counsel challenged the identity of the substance recovered

by the FBI as "smokable" crack cocaine, Proctor would not have pleaded guilty.

Again, apart from his bare assertion that the substance recovered was not "smokable" crack

cocaine, Proctor has not provided any specific facts or explanation, i.e., clear and convincing

evidence why this Court should disregard Proctor's express adoption of the facts contained in the

plea agreement at the Rule 11 hearing.  *See Fields,* 956 F.2d at 1299.  Indeed, after Proctor stopped

his trial to request an opportunity to reach a plea agreement with the government, Proctor testified

on the record at his Rule 11 hearing that he agreed that the FBI recovered 112.4 grams of cocaine

base[7] from his residence in Oxon Hills, Maryland; that he possessed 50 grams or more of cocaine base with the intent to distribute; and that from 1998 through 2001, he purchased and distributed with a co-conspirator more than 1.5 kilograms of cocaine base.  Because Proctor has not met his burden under § 2255 and has not shown the requisite "prejudice" to support his claim under *Strickland*, trial counsel was not ineffective for failing to challenge the identity of the substance recovered.  *See Miller,* 261 F.2d at 547 (holding that § 2255 petitioner must prove the grounds of his claim by a preponderance of the evidence); *see also Strickland,* 466 U.S. at 690 (requiring proof of specific acts or omissions supporting ineffective assistance of counsel claim).

**5.     Appellate Counsel's Failure to Raise These Challenges on Direct Appeal**

Proctor contends that his appellate counsel was ineffective for failing to raise the issues contained within his § 2255 motion on his direct appeal.  Because the Court has found, for the reasons stated above, that the contentions in Proctor's § 2255 motion do not warrant the vacatur of his sentence for the alleged errors of his trial counsel, *a fortiori* appellate counsel was not ineffective for failing to raise the identical issues on direct appeal.

---

[7]  The terms "cocaine base" and "crack cocaine" are used interchangeably to refer to the same rock crystal version of cocaine that is heated so that its users may smoke its vapors.  U.S. Drug Enforcement Administration, *Cocaine* (August 2006), http://www.usdoj.gov/dea/concern/cocaine.html (explaining the various delivery mechanisms that a cocaine user may choose to employ) (last accessed 11/26/2008).

## **CONCLUSION**

For the foregoing reasons, the Court will **DENY** Defendant Proctor's Motion to Vacate his

Conviction [Paper No. 56].


Date:   December 8, 2008                                        _____/s/_____
                                                               Roger W. Titus
                                                               United States District Judge