IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :

v. : Criminal No. DKC 04-160

JOHN PROCTOR :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion filed by John Proctor to Reduce Sentence pursuant to the First Step Act, Section 404. ECF No. 127. Mr. Proctor pled guilty to two counts of a four count indictment in 2005. Those counts were: count two, possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and count four, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Due to his prior felony drug conviction and the government's notice pursuant to 21 U.S.C. § 851, he was subject to a mandatory minimum sentence of 240 months on the drug count. He was initially sentenced to 324 months imprisonment, concurrent, on the two counts. On January 19, 2011, his sentence was reduced to 292 months, concurrent, pursuant to 18 U.S.C. § 3582(c)(2). He currently has an appeal pending in the United States Court of Appeals for the Fourth Circuit, from the denial of his motion pursuant to 18 U.S.C. § 2255, concerning whether the prior conviction for assault with intent to avoid lawful apprehension qualifies as a categorial violent felony for purposes of 18 U.S.C.

§ 924(e)(2)(B)(i), involved in count four.  If ultimately successful, he might no longer qualify as an armed career criminal, and the maximum sentence for count four would be reduced to ten years.

Mr. Proctor initially filed his First Step Act motion on September 13, 2019. The Government responded in opposition on October 18, 2019, and Defendant replied on November 3, 2019.  He has filed two letters since, one on November 20, and another on April 1, 2020.  For the following reasons, Mr. Proctor's motion for a reduced sentence will be granted, but his request for immediate release will be denied.

To be eligible for consideration under the First Step Act of 2018, Pub. L. No. 115-391, §404, 132 Stat. 5194, a defendant must have been sentenced for a "covered offense." *United States v. Wirsing*, 953 F.3d 175 (4th Cir. 2019), *United States v. Gravatt*, --- F.3d.---, 2020 WL 1327200 (4th Cir. March 23, 2020). A "covered offense" as defined in the statute is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  18 U.S.C. § 3582(c)(1)(B) is the appropriate vehicle for seeking First Step Act relief.  If discretionary relief is granted, it is through a limited sentence modification, and not a plenary resentencing.  The court still considers the factors in 3553(a), along with post-sentencing

behavior.  *United States v. Mack*, No. CR PJM 09-00247, 2019 WL 7037961, at *3 (D.Md. Dec. 20, 2019).

The Government's first opposition to Mr. Proctor's motion was filed before *Wirsing* was decided and thus improperly argues that he is not eligible for consideration. His conviction on count two, under 21 U.S.C. § 841(a)(1), makes him eligible. He was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), with the prior conviction enhancement. At the time, the sentencing range was 20 years to life. Now, a conviction on a charge involving 50 grams or more of cocaine base would fall within § 841(b)(2)(B)(iii), and with the § 851 enhancement, results in a sentencing range of 10 years to life. The guidelines would not be further changed.

Although Mr. Proctor pled guilty to possession with intent to distribute in count two, the facts entailed conduct over several years and acknowledged the purchase and distribution of more than 1.5 kilograms of cocaine base. A search of his residence on August 21, 2003, led to the recovery of four firearms and ammunition. His adult criminal history dates to age 18, with convictions for drug possession and distribution, assault, and carrying a pistol without a license. The offense conduct was serious, and Judge Titus properly concluded that he posed a significant risk to the community.

Mr. Proctor has been incarcerated for nearly 16 years. He has no disciplinary infractions and has a satisfactory work

performance.  He has completed various courses, including drug education, stress management, anger management, conflict resolution, and victim impact counseling, taken classes in driver's education, automotive mechanics, dealership licensing, public speaking, investing, Hebrew, problem solving, understanding unconscious bias, and decision making.  He has also strengthened his family ties, particularly with his daughter.

His plans upon release include working with individuals with disabilities.  He can work at a family owned deli.  (These plans appear to mirror his activities prior to this incarceration.)

In his initial motion papers, Mr. Proctor sought a reduction to 240 months, purportedly making him eligible for release in April 2021.  He now seeks immediate release due to the ongoing health crisis and his own "serious health challenges."  ECF No. 134.  He is incarcerated at CI Rivers in Winton, North Carolina, a contracted correctional institution operated by a private corporation, and contends that it is only a matter of time before the virus reaches that facility.

The Government responded to Mr. Proctor's recent letter. ECF No. 135.  It acknowledges that he is eligible for consideration but argues that he is not deserving of relief.  First, as already noted, the guidelines are unaltered.  Second, the quantity of cocaine base involved was more than 1.5 kilograms.  Third, his criminal activity involved both drugs and guns, and his prior

criminal history includes convictions for drug distribution, carrying a firearm without a license, and assault with the intent to avoid lawful apprehension. The Government argues that Mr. Proctor has not shown how the COVID outbreak presents a significant, or specific, risk to himself, or that any exposure cannot be handled in the federal facility. The Government also takes issue with the suggestion that Mr. Proctor's proposed residence is suitable, or that home confinement is even appropriate. Finally, the letter points out that the situation addressed by Judge Blake in *United States v. Collins*, CCB 10-336, was very different than Mr. Proctor's.

The current pandemic state of emergency is of great concern to the entire country, and the court understands the increased anxiety of those who are incarcerated. Immediate release, however, is not a panacea and may even present greater risks, to the defendant, to others in the criminal justice system, and to the community. Normally, significant pre-release planning precedes ultimate return to the community, particularly for someone who has spent a significant amount of time incarcerated. (Judge Blake's decision to reduce a sentence for someone already in Volunteers of America to home detention did not preclude that planning.) While it is laudable that Ms. Thomas would agree to drive to North Carolina to pick up Mr. Proctor, that trip itself would require her, and then the two of them, to travel great distances. It is

5

not even clear that she would be permitted to enter the facility, where currently no in-person visits are occurring, and inmates are restricted in their own movements within the facility. Coordinating with our probation office to begin supervision, with or without electronic monitoring, entails contact of some form with Mr. Proctor, and may require the probation officer to visit the proposed place of residence. There is no indication of his planned source of medical care should he need it. This is simply not the time to engage in that type of hurried, and unstructured, release planning that immediate release would require. Thus, the court rejects the argument in the latest letter that the COVID 19 crisis justifies a reduction to immediate release.

On the other hand, the sentencing landscape has changed in the years since Mr. Proctor's initial sentencing. While he obtained a reduction due to guideline changes, he is deserving of additional reduction. His initial sentence of 27 years was itself probably below properly calculated guidelines, but nevertheless significant. The reduction by nearly 3 years for reduced guidelines reflected the growing concern over sentences for cocaine base. Now, with the Fair Sentencing Act, and the First Step Act, additional reductions are taking place to reflect the statutory changes in drug sentencing. The Government correctly argues that a person in Mr. Proctor's situation is not entitled to further reduction, but the court should not ignore changes in the

landscape.  Considering the § 3553 factors, and in light of his post-sentencing conduct, a sentence of 240 months, concurrent, on the two counts is appropriate.  The term of supervised release for count two will also be reduced to 8 years.  An amended judgment will be entered.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge